NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

CRISTINA VELASQUEZ-RAMOS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-718

Agency No.
A209-873-771

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 20, 2023[**]
Pasadena, California

Before: NGUYEN and FORREST, Circuit Judges, and BENNETT,[***] District
Judge.

Cristina Velasquez-Ramos, a native and citizen of Guatemala, petitions

for review of a decision by the Board of Immigration Appeals affirming the

immigration judge's order denying asylum, withholding of removal, and

---

[*] This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard D. Bennett, United States District Judge
for the District of Maryland, sitting by designation.

protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing the agency's factual findings for substantial evidence, *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022), we deny the petition for review.

1.     Velasquez-Ramos challenges the agency's determination that she failed to meet the nexus requirement for asylum and withholding of removal. Substantial evidence supports the agency's conclusion that gang members targeted Velasquez-Ramos and her family because they perceived that they had access to money. Velasquez-Ramos adduced no evidence that the gang members' economic motive for persecution relates to her proposed particular social group of indigenous rural women with limited education.[1] *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019–20 (9th Cir. 2023) ("Where the record indicates that the persecutor's actual motivation for threatening a person is to extort money . . . [it] does not compel finding that the persecutor threatened the target because of a protected characteristic . . . .").

2.     Velasquez-Ramos next contends that the agency erred in denying her claim for CAT protection. But substantial evidence supports the agency's determination that Velasquez-Ramos is not entitled to CAT relief because she has failed to show that she is more likely than not to suffer torture in Guatemala. *See* 8 C.F.R. § 208.16(c)(2). She adduced no record evidence supporting her

---

[1] We do not reach the question of whether Velasquez-Ramos's proposed particular social group is cognizable.

claim that police would not protect her upon return to Guatemala. The distance from her hometown to the nearest police station is not dispositive because Velasquez-Ramos could relocate closer to a police station upon her return. *See id.* § 208.16(c)(3) (providing non-exclusive list of considerations for granting CAT relief, including the possibility of relocation to an area where petitioner is not likely to be tortured).

3. Velasquez-Ramos raises a due process claim in her reply brief. Arguments raised for the first time in a reply brief are waived. *Autotel v. Nev. Bell Tel. Co.*, 697 F.3d 846, 852 n.3 (9th Cir. 2012).

**PETITION DENIED.**